UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ELIZABETH KEIMER,

        Petitioner,

vs.

                                                Case No. 04-CV-71191
                                                HON. GEORGE CARAM STEEH

JOAN YUKINS,

        Respondent.

_____/

ORDER ACCEPTING MAGISTRATE'S REPORT AND RECOMMENDATION (#29),
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING CERTIFICATE OF APPEALABILITY

Mary Keimer, appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her jury convictions in state court for conspiracy to commit first-degree murder, M.C.L. § 750.157a, first-degree premeditated murder, M.C.L. § 750.316(1)(a), and felony murder, M.C.L. § 750.316(1)(b), for the January 27, 1999 killing of her mother Bonnie May Burdt. Petitioner raises five grounds for habeas relief: (1) denial of a constitutional right to a fair and impartial jury when the trial court failed to excuse a juror who admittedly was exposed to prejudicial extraneous matter; (2) insufficient evidence to support the felony murder conviction due to insufficient proofs of the underlying felony of larceny in a building or the specific intent elements of conspiracy and first-degree murder; (3) denial of a constitutional right to a fair trial upon the erroneous admission of hearsay statements of co-defendant Thomas Flum; (4) denial of a constitutional right to a fair trial due to prosecutorial misconduct during the prosecutor's closing argument, and; (5) erroneous jury instructions. On referral from this court, Magistrate Judge Virginia Morgan

issued a 26-page August 5, 2005 Report and Recommendation recommending that the petition be denied.  Petitioner filed objections on September 6, 2005.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  See also Fed. R. Civ. P. 72(b).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  A party may forfeit a right to de novo review if his objections are general or conclusionary, and unrelated to a specific error in the magistrate judge's report and recommendation. Thomas v. Halter, 131 F.Supp.2d 942, 945 (E.D. Mich. Feb. 27, 2001). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." McPherson v. Kelsey, 125 F.3d 989, 995 (6th Cir. 1997) (quoting Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n, 59 F.3d 284, 293-94 (1st Cir. 1995)).

## I. Juror Challenge

Magistrate Judge Morgan reasons that the trial court did not commit constitutional error in allowing two jurors to remain on the jury after one juror disclosed to a second juror and the trial court that he had read two lines of a newspaper article covering the jury trial before realizing the subject of the article, after which he stopped reading.  Reasoning that exposure to publicity itself is insufficient to prove a denial of fair and impartial jurors, Magistrate Judge Morgan finds petitioner fails to demonstrate resulting prejudice, considering: the juror only read two lines of the news article; nothing in the record indicates the juror learned unduly prejudicial facts from the two lines of the article; the second juror told the trial court he may have learned from the first juror when the murder occurred, a fact already in evidence at trial; the trial judge individually questioned both jurors outside the

presence of the jury and was convinced that their ability to reach a fair verdict had not been affected; the judge, prosecutor and defense counsel agreed there was no need to remove the jurors, and; a cautionary jury instruction was given. See Goins v. McKeen, 605 F.2d 947, 952 (6th Cir. 1979) (recognizing that "[t]he mere exposure to publicity is not sufficient, standing alone, to give rise to a presumption that the defendant will be deprived of his right to be tried by fair and impartial jurors"). Petitioner objects that the trial court's failure to grant the prosecution's motion for a mistrial demonstrates prejudicial error that was not cured by the trial court's cautionary jury instructions. Petitioner cites United States v. Hall, 85 F.3d 367, 371 (8th Cir. 1996) to support her position that a jury's duty to resolve factual issues is severely impaired when it improperly receives information that besmirches the defendant's character.

State court determinations of fact are presumed correct, and are rebuttable only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner has not advanced clear and convincing evidence to show that the trial court was incorrect in determining that the first juror had read only two lines of the newspaper article, and that no prejudicial information was gleaned from this limited reading of the article. The Eighth Circuit in Hall remanded to the trial court for a factual inquiry to determine the extent to which the jury had been exposed to extraneous prejudicial information. Hall, 85 F.3d at 371. Here, the state trial court conducted a factual inquiry, and determined that the jury had not been exposed to extraneous prejudicial information. Petitioner's argument that the trial court denied the prosecution's motion for a mistrial for personal reasons related to a planned vacation is at best conclusionary in the absence of clear and convincing evidence that the trial court erred in finding that the jurors had not been exposed to prejudicial information. Petitioner's objection is without merit.

## II. Sufficiency of Evidence to
## Support Felony Murder Conviction

Magistrate Judge Morgan applies the deferential standard articulated in Jackson v. Virginia, 443 U.S. 307, 319 (1979) to petitioner's insufficiency of evidence claim, requiring the record evidence to be viewed in a light most favorable to the prosecution in determining whether any rational trier of fact could have found beyond a reasonable doubt that the charged crime was committed.  Magistrate Judge Morgan finds that the Michigan Court of Appeals properly applied this federal standard in rejecting petitioner's insufficiency of evidence claims on direct appeal, quoting extensively from People v. Flum, Nos. 229084, 229129, 2003 WL 21186603, *9-*13 (Mich. Ct. App. May 20, 2003) (unpublished). Petitioner objects by simply asserting that Magistrate Judge Morgan erred in finding there is no basis in the record to support the insufficiency of evidence claim.  Petitioner fails to articulate how the Magistrate Judge erred in applying a deferential standard of review to the Michigan Court of Appeals' analysis as set forth in Flum, 2003 WL 21186603 at *9-*13, or how the Michigan Court of Appeals' decision is in error.  Petitioner's objection is conclusionary, and raised in a perfunctory manner without meaningful accompanied argument, and thus, without merit.  Thomas, 131 F.Supp.2d at 945; McPherson, 125 F.3d at 995.

## III.  Admission of Flum's Statements

Magistrate Judge Morgan reasons that the sole question for federal habeas purposes here is whether the admission of two statements made by co-defendant Flum to police officers immediately following his arrest, that the murder "was [petitioner's] plan" and that "petitioner had been talking about that if her mother was out of the way, that she stood to inherit roughly $60,000.00 in cash," had a substantial and injurious effect or influence on

4

the jury's verdict resulting in actual prejudice. Barker v. Yates, 199 F.3d 867, 873 (6th Cir. 1999). The Magistrate Judge finds that the admission of the two statements did not have a substantial and serious impact on the jury resulting in actual prejudice considering the overwhelming weight of the evidence of petitioner's guilt, including the weight of petitioner's taped confession played at trial conveying that petitioner conceived a plan to murder her mother, Burdt, to prevent Burdt from discovering petitioner's ongoing theft of money to buy illegal drugs. See Flum, 2003 WL 21186603 at *12. Petitioner's objection erroneously focuses on errors of state law, citing People v. Schutte, 240 Mich. App. 713, 717-718, 613 N.W.2d 370 (2000). Petitioner does not challenge the applicability Barker, but simply asserts that co-defendant Flum's statements are "highly prejudicial." In light of the overwhelming evidence presented against petitioner at her criminal trial, the court finds, as did the Magistrate Judge, that Flum's statements were at worst cumulative, and did not result in actual prejudice. Petitioner's objection is not well taken.

## IV. Prosecutorial Misconduct

Magistrate Judge Morgan applies the deferential standard of review articulated in Bowling v. Parker, 344 F.3d 487, 512 (6th Cir. 2003) (citing Darden v. Wainwright, 477 U.S. 168, 181 (1986)) in adjudicating petitioner's claim of prosecutorial misconduct, that is, whether the prosecutor's statements were so flagrant as to render the entire trial fundamentally unfair. Magistrate Morgan finds that all but one of five statements made by the prosecutor during closing argument - that a $1,400.00 check belonged to victim Burdt when in fact the check was petitioner's disability check - were not improper statements. As to the statement regarding the check, the Magistrate Judge reasons that the statement did not render petitioner's entire trial fundamentally unfair. Petitioner objects that the statements, coupled with other alleged errors at trial, had a substantial and injurious effect

5

on the outcome of her trial.

As recognized by Magistrate Judge Morgan, a district court should consider four factors in determining whether an *improper* statement rendered a criminal trial fundamentally unfair: (1) the likelihood that the remark would mislead the jury or prejudice the accused; (2) whether the remark was isolated or extensive; (3) whether the remark was deliberately or accidently presented to the jury, and; (4) whether other evidence against the defendant was substantial.  Bowling, 344 F.3d at 512.  For purposes of habeas corpus review, the issue is not whether the state court's decision on the issue of prosecutorial misconduct was wrong, but whether its decision was an unreasonable application of federal law.  Id. at 512 (quoting Macias v. Makowski, 291 F.3d 447, 453-54 (6th Cir.2002)).

Petitioner has failed to show that four of the five prosecutor's closing statements - statements that "appealed to the emotions of the jury," called petitioner a "liar," argued that the only verdict "supported by the evidence, required by law and demanded by justice [is] Guilty," and communicated that defense Counsel "offers you the easy way out" by "admit[ting] second degree [murder]. . . , [d]on't be lured into doing what is easy as opposed to what is right" - are outside the boundaries of legitimate closing argument consistent with the evidence submitted at petitioner's trial.  Given the substantial evidence of petitioner's guilt submitted at trial, this court is convinced it is extremely unlikely that the prosecutor's isolated misstatement regrading the owner of the $1,400.00 check mislead or prejudiced the jury.

The dissenting opinion in Maurino v. Johnson, 210 F.3d 638, 650-51 (6th Cir. 2000), relied upon by petitioner, is unpersuasive.  In Maurino, the defendant was found guilty by a jury of second degree murder and possession of a firearm during the commission of a felony in the shooting death of a lounge waitress named "Vicki."  The Maurino defendant

6

made statements before and during trial tending to show that the shooting had been an unintended accident that occurred during an argument in his car parked outside the lounge. After the close of the prosecution's case-in-chief, and on cross-examination of the defendant, the prosecutor asked the defendant, without supporting record evidence, whether defendant had in fact delivered a bullet to a fellow waitress of Vicki a few months before the shooting, saying "This one's for Vicki." Maurino, 210 F.3d at 642. The 2-1 majority in Maurino affirmed the denial of habeas relief, finding that, although the prosecutor's cross-examination constituted "egregious prosecutorial misconduct," the questioning did not have a substantial and injurious effect on the outcome of the trial given other record evidence that supported a finding of requisite intent for a second degree murder conviction. Id. at 648. The dissent disagreed:

> The defendant's intent was a critical element of the charged offense, and the defendant's own testimony regarding his intent was the foundation of his defense. The prosecutor's effort to destroy the defendant's credibility before the jury and to put before the jury a matter that was not in evidence-- the alleged testimony of a disinterested person that would prove an intent by the defendant to kill his girlfriend -- in violation of defendant's constitutional right to cross-examine such a witness, could not, in my opinion, fail to have an influence on the jury.

Id. at 650.

Here, even applying the reasoning of the dissenting opinion in Maurino, the closing statement made by the prosecutor at petitioner's trial that the $1,400.00 disability check was Burdt's check as opposed to petitioner's check did not constitute egregious prosecutorial misconduct. Proof of petitioner's intent to steal from her mother was set forth in the Michigan Court of Appeal's opinion:

> . . . According to defendant's own confession, she and Flum planned Burdt's murder and discussed the underlying motive--obtaining the victim's money--for two days before the murder actually happened. The prosecution presented evidence that defendant conceived a plan to murder her mother,

7

> Burdt, with a motive to prevent Burdt from discovering defendant's ongoing theft of Burdt's money, to secure her inheritance and regain control of her money which she had voluntarily given to Burdt, and to steal yet more money for the immediate need to buy more drugs. She contacted codefendant Flum, convinced him to travel to Flint, presented him with the criminal objective of killing her mother, provided the motive, drove him to and from the crime scene, assisted him in the killing, and stole money from the residence. As defendant acknowledges in her brief on appeal, whether and when defendant formed the requisite intent was a question for the jury to decide. The jury obviously found defendant had the capacity to form and indeed possessed the requisite intent when it found her guilty of felony murder and larceny in a building. Viewed in the light most favorable to the prosecution, ample evidence supports these convictions.

Flum, 2003 WL 21186603 at *11.  Unlike the situation in Maurino, evidence in the record other than the prosecutor's misstatement regarding the owner of the $1,400.00 check, including petitioner's taped confession regrading her murder motive of unlawfully obtaining her mother's money to purchase drugs, supported the jury's finding of intent required to convict plaintiff of larceny from a building and, as a consequence, felony murder.  The facts before the court in Maurino are simply not analogous to the claims at bar.   Petitioner's trial was not rendered fundamentally unfair by the prosecution's closing arguments, either in isolation, or in combination with petitioner's other alleged errors.

## V. Jury Instructions

Magistrate Judge Morgan finds that the trial judge did not give erroneous jury instructions as a matter of state law, and that the jury instructions taken as a whole were not so infirm as to render the trial fundamentally unfair.  Scott v. Mitchell, 209 F.2d 854, 882 (6th Cir. 2000).  Petitioner's conclusionary objection that "[t]he instructions failed in fairly presenting the issues to be tried, making it more probable than not that the error in question undermined the reliability of the verdict making it such error outcome determinative and resulted in a miscarriage of justice," is conclusionary, and not well taken.  Thomas, 131 F.Supp.2d at 945; McPherson, 125 F.3d at 995.

## VI. Conclusions

For the reasons set forth above, petitioner's objections are OVERRULED. Accordingly,

IT IS ORDERED that Magistrate Judge Morgan's August 5, 2005 Report and Recommendation is hereby ACCEPTED as the findings and conclusions of this court. Mary Keimer's petition for a writ of habeas corpus is hereby DISMISSED.

### Certificate of Appealability

Before petitioner can appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. §2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Petitioner has made no such showing. Accordingly, a CERTIFICATE OF APPEALABILITY is hereby DENIED.

SO ORDERED.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated: October 12, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 12, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk

9